IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TABEUS DEWAYNE ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-276-WHA-JTA |
| ) | (WO) |
| JOHN SHEARON, et al., ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Respondents' Motion to Dismiss. (Doc. No. 14.) For the reasons that follow, the undersigned Magistrate Judge recommends that Respondents' Motion to Dismiss be granted and that this case be dismissed.

On May 4, 2022, while incarcerated in the Chilton County Jail, Petitioner Tabeus Dewayne Robinson initiated this action on a form generally utilized by inmates to file civil actions under 42 U.S.C. § 1983. (*See* Doc. No. 1.) Robinson, who on September 20, 2021, entered a guilty plea in the Chilton County Circuit Court to the charge of unlawful distribution of a controlled substance, appeared in his filing to challenge the constitutionality of that drug-distribution conviction and to seek release from custody. Because the appropriate vehicle for an inmate to challenge his incarceration under a state court judgment would be a petition for writ of habeas corpus under 28 U.S.C. § 2254, *see Felker v. Turpin*, 518 U.S. 651, 662 (1996), this Court construed Robinson's filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and ordered Respondents to file an answer. (*See* Docs. No. 3, 5.)

Respondents filed an answer on May 31, 2022 (Doc. No. 10), and on June 30, 2022, Respondents moved to dismiss Robinson's § 2254 petition on grounds that Robinson had not been sentenced for his drug-distribution conviction at the time he filed the petition and that, after Robinson filed the petition, the state trial court had entered an order adjudicating him not guilty by reason of insanity and ordering he be committed to the Alabama Department of Mental Health and/or the Veterans Hospital (Doc. No. 14). Respondents have attached the state trial court's June 30, 2022 order to their Motion to Dismiss. (Doc. No. 14-1.)

It is clear from the record that Robinson's current custody is not under a state court judgment that was in place when he filed his § 2254 petition in May 2022. By his petition, he challenges his September 2021 drug-distribution conviction, for which he was not sentenced, and which was effectively set aside when the state trial court entered an order on June 30, 2022, adjudicating him not guilty of that charge by reason of insanity. A person confined in a mental institution because of a judgment of not guilty by reason of insanity or because of any other judicial or administrative order is "in custody" for purposes of § 2254. James S. Liebman & Randy Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 8.2(d), at 341 (3d ed. 1998). At this time, Robinson has filed no § 2254 petition challenging his commitment to the Alabama Department of Mental Health and/or the Veterans Hospital. Because any alleged constitutional defects arising from the

criminal charge for drug distribution are immaterial to his current custody, Robinson fails to state a claim upon which habeas relief may be granted.[1]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Respondents' Motion to Dismiss (Doc. No. 14) be GRANTED and that this action under 28 U.S.C. § 2254 be DISMISSED.

It is further

ORDERED that **by August 16, 2022**, the parties may file an objection to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusory, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[1] Notably, on June 1, 2022, the Court directed Robinson by June 21, 2022 to show cause why his petition should not be dismissed because his judgment of sentence was not yet final. (Doc. No. 11.)  As of this date, Robinson has not filed a response.

DONE this 1st day of August, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE